# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2374 | **DATE** | June 16, 2011 |
| **CASE TITLE** | Lester Dobbey (#R-16237) vs. Liping Zhang, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to alter or amend judgment [#10] is granted. The portion of this Court's 4/18/11 order in which the Court dismissed Defendants Walker, Miller, Shaw, Ramos, Hosey, and Thompson is vacated. The Clerk is directed to issue summonses for service by the U.S. Marshal on Defendants Walker, Miller, Shaw, Ramos, Hosey, and Thompson.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville Correctional Center, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he has received inadequate care and treatment for chronic back problems.

By Minute Order of April 11, 2011, the Court allowed Plaintiff to proceed on his claims, but dismissed the complaint on initial review as to correctional administrators and grievance officials pursuant to 28 U.S.C. § 1915A. The Court reasoned that because the allegations in Plaintiff's complaint indicate that he has been treated in some fashion by health care professionals, and challenge the adequacy of the ongoing treatment that he is receiving, he had no cause of action against supervisory or grievance officials. See [4] at 2 (citing *Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that Plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability)).

However, upon reconsideration of Plaintiff's complaint, his motion [10], and the applicable law, the Court concludes that Plaintiff's allegations are sufficient to state a claim against the correctional administrators and grievance officials for the purposes of surviving a § 1915A threshold review.

"'An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'" *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (quoting *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)); see also *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("We reiterate that personal involvement is a prerequisite for individual liability in a § 1983 action."). There is no *respondeat superior* liability in § 1983 actions; instead prison administrators not only have "ability to delegate but also ability to rely on the decisions of subordinates." *Pacelli v. deVito*, 972

| STATEMENT |
|---|

F.2d 871, 878 (7th Cir. 1992). Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not personally involved. *Gossmeyer*, 128 F.3d at 495. Rather, in order to be personally liable, "'supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either *knowingly or with deliberate, reckless indifference.*'" *Id.* (emphasis in original) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)); see also *Nanda v. Moss*, 412 F.3d 836, 842 (7th Cir. 2006) ("supervisory liability can be established if the conduct causing the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent"). A supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. See *Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010).

In its prior order, the Court found that Plaintiff had articulated a colorable federal cause of action against Defendant health care providers for deliberate indifference to Plaintiff's medical needs. (See [4] at 2). In the complaint, Plaintiff also alleges that he directed grievances asking to see a specialist or for further medical treatment for his back pain to Defendants Walker, Miller, Shaw, Ramos, Hosey, and Thompson, and that his requests were denied. (Cmplt. at ¶¶ 28; 32; 33; 41; 42; 43; 57; 60). Keeping in mind that at this early stage of the case, Plaintiff's allegations must be accepted as true, Plaintiff has alleged enough to permit him to proceed against the administrators and grievance officials. If discovery reveals that Plaintiff's allegations against the administrators and/or grievance officials are not well founded, those Defendants (or, indeed, any Defendants) may promptly move for summary judgment.